People v Koukhta (2021 NY Slip Op 50572(U))

[*1]

People v Koukhta (Yuri)

2021 NY Slip Op 50572(U) [72 Misc 3d 126(A)]

Decided on June 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2020-436 D CR

The People of the State of New York,
Respondent,
against
Yuri Koukhta, Appellant. 

Edward T. McCormack, for appellant.
Dutchess County District Attorney (Anna K. Diehn of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of East Fishkill, Dutchess County
(Frederick D. Romig, J.), rendered January 28, 2020. The judgment convicted defendant, after a
nonjury trial, of driving while ability impaired, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the facts, and the accusatory
instrument is dismissed.
Defendant was ultimately charged in three simplified traffic informations with, respectively,
driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), leaving the scene of an
accident without reporting property damage (Vehicle and Traffic Law § 600 [1] [a]) and
making an unsafe lane change (Vehicle and Traffic Law § 1128 [a]).
At a nonjury trial, the arresting New York State trooper testified that, on April 5, 2019 at
approximately 9:52 p.m., he received a radio run for "a one-car, property damage auto accident."
He arrived at the location 8-10 minutes later, where he observed a pickup truck registered to
defendant abandoned on the side of the road, stuck atop a tree stump a few hundred yards from
defendant's home. Thirteen empty beer cans were inside the bed of the pickup truck. The trooper
went to defendant's home to investigate, and defendant invited him inside. The trooper testified
that he "could immediately tell that [defendant] was highly intoxicated just the way that he was
moving and uncoordinated, seemed to not be able to have any kind of motor [*2]coordination." According to the trooper, there also was a "strong
odor of alcoholic beverage [sic] emanating from [defendant]. His eyes [were] extremely glassy
and his speech was very slurred." Defendant told the trooper that he had drunk three beers at a
local bar; he did not admit to drinking anything else.
The trooper explained that he was investigating the accident involving defendant's pickup
truck. Defendant told the trooper that, as he was driving home, he swerved his vehicle to avoid
colliding with a deer that had darted into the road. Defendant failed each of three standardized
field sobriety tests and was arrested on suspicion of driving while intoxicated. Back at the police
barracks, defendant consented to chemical analysis of his breath, which returned a 0.21% blood
alcohol content (BAC), more than 2½ times the legal limit for adult drivers. The trooper
testified that defendant's high BAC level was "very consistent with everything I observed from []
defendant['s]" behavior at his home. 
Defendant, a builder, testified that, after work, he had met with a friend at a local bar where
he had one beer. While driving home, he swerved his pickup truck to avoid hitting a deer. He
explained that his truck became lodged atop a tree stump off of the road, and he was unable to
move it. Because it was dark, cold and rainy, and he needed to feed his cat, defendant left his
truck and walked home. Once home, cold and frustrated about his predicament, defendant drank
two more beers, as well as an unspecified quantity of Johnnie Walker Red Label scotch directly
from the bottle. The prosecution did not dispute, while cross-examining defendant or during
summations, defendant's assertion that the trooper did not come to his home until approximately
two hours after the accident. Defendant testified that a can of beer was sitting on the dining room
table near where he interacted with the trooper in his home. However, defendant believed that the
trooper did not see the bottle of scotch, as it was in the kitchen, where the trooper never
went.
The court acquitted defendant of leaving the scene of an accident without reporting property
damage and making an unsafe lane change, and convicted him of driving while ability impaired,
and imposed sentence. On appeal, defendant argues, in effect, that his conviction was against the
weight of the evidence. "In exercising our factual review power, we must weigh the relative
probative force of conflicting testimony and the relative strength of conflicting inferences that
may be drawn from the testimony" (People v Blackman, 66 Misc 3d 145[A], 2020 NY Slip Op
50202[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2020] [citations omitted];
see CPL 470.15 [5]; People v
Danielson, 9 NY3d 342, 348 [2007]).
In this case, an acquittal would not have been unreasonable. Defendant's testimony that, after
getting home and feeling the weight of his frustration, he drank more beers and scotch to the
point of extreme intoxication, is not incredible. In light of the People's inability to refute
defendant's reasonable and internally consistent explanation for how he became intoxicated
during the two-hour time period between the accident and the trooper's arrival at his doorstep,
and defendant's explanation for the accident, there was reasonable doubt as to whether defendant
was intoxicated at the time he was driving. 
The apparent contradiction between defendant's testimony about how much, and what type
of, alcohol he drank and when he drank each type, and the trooper's testimony about what
defendant told him, is easily explained away by defendant's extreme intoxication, as observed by
the trooper. Although multiple empty beer cans were in the bed of defendant's truck, there was
absolutely no evidence concerning how long they had been there, or that defendant had drunk any
[*3]of them prior to, or while, driving. 
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
RUDERMAN, P.J., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 17, 2021